Honorable Roy Blake Chairman Senate Committee on Administration Texas State Senate G-27-J, State Capitol Austin, Texas 78711
Re: Construction of Senate Bill No. 150 relating to the disposition and amount of motor vehicle registration fees
Dear Senator Blake:
You have asked for an interpretation of Senate Bill No. 150 enacted by the Sixty-seventh Legislature. Acts 1981, 67th Leg., ch. 203, at 473. Section 1 of this bill amends article 6675a-10, V.T.C.S., a statute allocating motor vehicle license and certificate of title fees between the county that collects them and the State Department of Highways and Public Transportation.
The unamended version of article 6675a-10 provides that the county tax collector shall deposit in the County Road and Bridge Fund one hundred percent of each week's collections until the amount retained for the current calendar year shall have reached a total sum of $50,000. Thereafter, he shall deposit fifty percent of each week's collections until the amount retained by the county reaches $175,000. All collections made in excess of these amounts are remitted to the Highway Department.
The amendment, which becomes effective on July 1, 1982, provides that one hundred percent of the fees collected shall be deposited in the County Road and Bridge Fund until the amount deposited for the current calendar year has reached the sum of $50,000 plus $350 for each mile of county road, not to exceed 500 miles, maintained by the county. A county that collects the maximum under the amended version may retain one hundred percent of fees up to a total of $225,000. Thereafter, it may retain 50 percent of fees collected until an additional $125,000 is deposited to the County Road and Bridge Fund.
Since the law will change in mid-year, you wish to know how much in fees the larger counties will be allowed to retain for the 1982 calendar year.
In our opinion, a county with at least 500 miles of county-maintained road will be eligible to retain a maximum of $350,000 for the entire 1982 calendar year. Each county including a county that has already collected the maximum of $175,000 will on July 1, 1982, become subject to the following provision:
 (a) On Monday of each week each County Tax Collector shall deposit in the County Depository of his County to the credit of the County Road and Bridge Fund an amount equal to one hundred per cent (100%) of net collections made hereunder during the preceding week until the amount so deposited for the current calendar year shall have reached a total sum of Fifty Thousand Dollars ($50,000) plus Three Hundred and Fifty Dollars ($350) for each mile of county road, not to exceed five hundred (500) miles, maintained by the County according to the latest data available from the State Department of Highways and Public Transportation.
Acts 1981, 67th Leg., ch. 203, at 475 (to be codified at V.T.C.S. art. 6675a-10). If a county has not yet retained the maximum authorized by this provision, it may again retain 100 percent of fees collected until it reaches that maximum. This maximum for counties with at least 500 miles of county-maintained road is, as already noted, $225,000.
Thereafter, subsection (b) of article 6675-10, V.T.C.S, authorizes the tax collector to deposit 50 percent of fee collections in the Road and Bridge Fund until an additional $125,000 has been deposited. Subsection (c) provides as follows: `After depositing the amounts provided by Subsections (a) and (b) of this section, he shall make no further deposits to the credit of said Fund during that calendar year.' (Emphasis added). V.T.C.S. art. 6675-10(c).
Subsection (c) places a ceiling on the fees retainable by the county for each calendar year. We find nothing in the statute which excepts collections in the 1982 calendar year from that limitation.
 SUMMARY
Article 6675a-10, V.T.C.S., as amended by Senate Bill No. 150, will authorize a county with at least 500 miles of county maintained road to deposit in its road and bridge fund a maximum of $350,000 of motor vehicle license and title fees collected in the 1982 calendar year.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Susan L. Garrison Assistant Attorney General